UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| RANDALL LINT,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, *et. al,*<br><br>    Defendants. | Civil No. 09-72-S-REB<br><br><br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Petition for Order to Proceed In Forma Pauperis (Docket No. 1). This matter is before the undersigned United States Magistrate Judge pursuant to an Order of Reference. (Docket No. 5). Consistent with the Order Reassigning Case (Docket No. 4), the undersigned issues the following Report and Recommendation.

**A.    Standard**

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis ("IFP") status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. *Id.* The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**REPORT AND RECOMMENDATION- 1**

When reviewing a motion filed pursuant to pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life. *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). Nonetheless, the applicant must show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

In determining whether a certain income level meets the poverty threshold under 28 U.S.C. § 1915(a), many federal courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services ("HHS"). *See, e.g. Johnson v. Leohane*, 2008 WL 4527065 (D. Hawaii 2008); *Johnson v. Spellings*, 579 F.Supp.2d 188, 191 (D.D.C. 2008); *Pelmer v. Dean*, 562 F.Supp.2d 1006, 1008 (N.D. Ill. 2008); *In re Gould*, 2008 WL 1891892 (Bkrtcy. N.D. Ohio 2008). *Cf. Oldaker v. Astrue*, 2008 WL 3852761 (N.D.W.Va. 2008) (holding court did not apply federal poverty guidelines). The poverty guidelines depend on the size of a household. The 2009 poverty guidelines applicable to the 48 contiguous states and the District of Columbia set the poverty level at $10,830.00 for a household of one and $18,310.00 for a household of three.

**B.   Discussion**

In the instant case, Plaintiff's statements concerning his income and liabilities demonstrate that his Petition should be denied. Plaintiff's Affidavit of Indigence in Support of Petition reflects that Plaintiff receives substantial monthly income in the form of "VA

**REPORT AND RECOMMENDATION- 2**

disability compensation" and "Social Security Disability." *Affidavit of Indigence*, p. 1 (Docket No. 1). Plaintiff states that he receives $3,084.00 per month from the Veterans Administration and an additional $640.00 in Social Security disability payments, a total monthly income of $3,724.00 or $44,688.00 per year. *Id.*

In terms of liabilities and responsibilities, Plaintiff describes that he has two daughters and his largest monthly outlays include $900.00 in court-ordered child support, $350.00 for court-ordered health care insurance for the children, and $395.00 in rent. In addition, Plaintiff has debt totaling $4,927.00 and a large amount of monthly spending, much of which appears to be discretionary (i.e., Plaintiff indicates that he spends $150.00 per month on laundry and clothing replacement, $30.00 for toiletries, $25.00 for haircuts, $140.00 for telecommunications, $20.00 for postage and paper, and $294.00 for miscellaneous costs associated with his car). Considering both Plaintiff's income and liabilities, it is clear that he does not meet the poverty requirement necessary to support his application under 28 U.S.C. § 1915(a). The bottom line is that Plaintiff's income is substantial and well-above the federal poverty level, even assuming that he must support a household of three people.[1] Accordingly, his Petition for Order to Proceed in Forma Pauperis should be denied.

C.   **Recommendation**

Consistent with the foregoing and the Order Reassigning Case (Docket No. 4), the undersigned recommends that Plaintiff's Petition for Order to Proceed in Forma Pauperis (Docket No. 1) be DENIED. It is further recommended that the case be dismissed if Plaintiff

---

[1] It appears that Plaintiff does not live with his daughters, as he is paying child support for them. Nonetheless, because he is paying to support three people, and giving Plaintiff every benefit of the doubt, this analysis applies the poverty guideline for a household of three.

**REPORT AND RECOMMENDATION- 3**

does not pay the filing fee within fourteen (14) days of the District Judge's order on the this Report and Recommendation. If Plaintiff objects to this Report and Recommendation, he must file a written objection with the Court within ten (10) days.

DATED: **April 7, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION- 4**